```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
FLORENCE KARAHUTA,                 :
                                   :     CIVIL ACTION
                    Plaintiff      :
                                   :     No. 06-4902
     v.                            :
                                   :
BOARDWALK REGENCY CORPORATION      :
d/b/a CAESARS ATLANTIC CITY        :
and CAESARS ATLANTIC CITY          :
                                   :
                    Defendants     :
_____
```

**MEMORANDUM AND ORDER**

**HENRY S. PERKIN**                                    **September 27, 2007**
**United States Magistrate Judge**

       This matter is before the Court on its own Order to Show Cause, dated August 7, 2007, for the purpose of determining whether sanctions should be imposed under Rule 16(f) of the Federal Rules of Civil Procedure against Defendants for their failure to comply with this Court's scheduling orders.  On August 28, 2007, the Court held a hearing on the Order to Show Cause at which all parties were represented.  Having reviewed and considered the contentions of the parties as well as the transcript of the show cause hearing, the Court is prepared to rule on this matter.

**I.    FACTUAL BACKGROUND**

       This personal injury action arises out of an incident that occurred on April 12, 2005 at Caesars Casino in Atlantic, City, New Jersey.  On that day, Plaintiff, Florence Karahuta, who

was eighty-one years of age, alleges she was walking down an aisle near slot machines when she was caused to trip and fall over the feet of a Caesars employee who was working under a slot machine.  Plaintiff contends that as a result of her fall, she suffered injuries that, despite surgical repair, are permanent in nature.[1]

## II.  PROCEDURAL HISTORY

By Order dated December 19, 2006, the Honorable James Knoll Gardner, who is the United States District Judge assigned to this case, referred this matter to the United States Magistrate Judge to whom he was paired for the purposes of scheduling and conducting a settlement conference.[2]  In accordance with this referral, the Court served counsel with a Settlement Conference Scheduling Order on March 20, 2007 for an in-person settlement conference to be held on May 8, 2007.  This Order clearly specified, in bold and capital letters, that:

>             PURSUANT TO LOCAL RULE 16.1(d)(3), COUNSEL

---

[1] According to her Complaint, Plaintiff suffered "severe personal injuries including, but not limited to, a torn rotator cuff right shoulder, arthralgia AC joint with impingement requiring arthrotomy, subacronial decompression, mumford resection distal clavicle, right underarm tenderness and severe bruising, muscle atrophy throughout the proximal shoulder and upper arm."

[2] The Order dated December 19, 2006 originally referred this matter to United States Magistrate Judge Arnold C. Rapoport.  However, the undersigned, who was sworn in as a United States Magistrate Judge on March 2, 2007, became paired with Judge Gardner in March 2007.  As such, the undersigned became responsible for scheduling and conducting settlement conferences in this matter effective March 2007.  Judge Gardner subsequently entered an Order, dated June 1, 2007, which vacated his prior referral order to Judge Rapoport and directed that the undersigned schedule and conduct a settlement conference in this matter.

> SHALL APPEAR AND BRING WITH THEM ALL PERSONS WHOSE CONSENT MAY BE NECESSARY TO SETTLE THIS CASE.  **ALL PERSONS SHALL MEAN INSURANCE ADJUSTORS WITH FULL AUTHORITY TO SETTLE THE CASE, AS WELL AS CLIENTS.  PERSONS PRESENT MUST HAVE FULL AUTHORITY TO SETTLE[].  AVAILABILITY BY TELEPHONE IS NOT ACCEPTABLE.**
>
> . . .
>
> FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.

During the May 8, 2007 settlement conference, the Court questioned defense counsel and Defendants' representative to determine the extent of their settlement authority.  Both indicated that they had received authorization from another source within Defendants' company to settle this case.  This source was not identified to the Court and no attempts were made by defense counsel or Defendant's representative to contact same.  It was clear that defense counsel did not appear with a person with "full authority to settle."

After concluding that Defendants and their counsel had failed to comply with the directive set forth in its Settlement Conference Scheduling Order, the Court adjourned the settlement conference.  In so doing, the Court notified counsel that it would reschedule the conference for a later date so that the decision maker with full authority on behalf of the Defendants could attend the conference.  The Court specifically questioned defense counsel as to who the proper representative would be.  Defense counsel responded that the person with full authority to

settle this matter on behalf of Defendants was located in Las Vegas, Nevada.

Based on defense counsel's representations to the Court during the first in-person conference, a second Settlement Conference Scheduling Order was served on counsel on May 11, 2007 scheduling another in-person settlement conference for June 28, 2007.  In addition to the foregoing language requiring persons with full authority to attend the conference, this Order also contained the following directive:

> **In this matter, defendant's counsel, Travis Gery, informed the Court that the decision maker for Boardwalk Regency Corporation was located in Las Vegas, NV.  Defendant is directed to have such person present at this rescheduled settlement conference.**

By letter dated June 14, 2007, counsel for Defendants requested a continuance of the in-person settlement conference scheduled for June 28, 2007.  The continuance was requested as a result of a conflict in defense counsel's own schedule.  No objections, or any mention for that matter, was made with respect to the decision maker on behalf of Defendants.  On June 18, 2007, this Court granted defense counsel's request for a continuance and sent out another notice indicating that the date of the in-person settlement conference had been changed to July 26, 2007.  In so doing, the Court issued a third Order containing directives similar to the foregoing Orders.  Counsel was also instructed to

4

submit summaries to Chambers on or before Wednesday, July 18, 2007.  Moreover, counsel was advised to review the undersigned's Settlement Procedures at www.paed.uscourts.gov.

Defendants failed to submit a summary by the aforementioned deadline.  As a result, this Court sent via facsimile on July 20, 2007 a reminder to counsel for Defendants that their summary was overdue and requested that it be submitted no later than July 23, 2007.  In so doing, this Court provided counsel for Defendants with an additional copy of the Settlement Conference Scheduling Order containing the aforementioned directives regarding settlement procedure.  We note that this is the fourth time defense counsel received an Order from this Court containing its settlement protocol.

Despite the foregoing Orders, the same representative on behalf of Defendants who was present at the initial settlement conference also attended the second settlement conference.  No additional persons, other than counsel, were present at the second conference.  After questioning defense counsel and Defendant's representative, the Court learned that the representative had the same limited authority that she had at the initial conference.  The extent of this limited authority was insufficient to permit settlement of the case.  Further, when the Court requested to speak to the actual decision maker, defense counsel placed a phone call to a paralegal for Defendants in Las

Vegas, Nevada. The paralegal advised the Court that the decision maker was on another conference call and unable to speak with the Court.

On August 7, 2007, the Court entered an Order to Show Cause why sanctions should not be imposed against Defendants for their failure to comply with this Court's scheduling orders. In addition, Plaintiff was directed to supply the Court with a list of all expenses and fees incurred as a result of the in-person settlement conferences. A hearing on the Order to Show Cause occurred on August 28, 2007.

### III. **DISCUSSION**

Federal Rules of Civil Procedure 16(a) through (e) set forth standards for pretrial conferences, case management, and scheduling orders. As the United States Court of Appeals for the Third Circuit has explained:

> Rule 16 governs the scheduling and management of pretrial conferences. The purpose of the rule is to provide for judicial control over a case at an early stage in the proceedings. The preparation and presentation of cases is thus streamlined, making the trial process more efficient, less costly, as well as improving and facilitating the opportunities for settlement.
>
> . . .
>
> The purpose of Rule 16 is to maximize the efficiency of the court system by insisting that attorneys and clients cooperate with the court and abandon practices which unreasonably interfere with the expeditious management of cases.

> .  .  .
>
> The intent and spirit of Rule 16 is to allow courts to actively manage the timetable of case preparation so as to expedite the speedy disposition of cases.

Newton v. A.C. & S, Inc., 918 F.2d 1121, 1126 (3d Cir. 1990).

Rule 16(f) of the Federal Rules of Civil Procedure mandates that parties must obey all scheduling and other pretrial orders.  This Rule empowers this Court to impose sanctions for violations of its settlement conference orders.  See Taberer v. Armstrong World Industries, Inc., 954 F.2d 888, 892 (3d Cir. 1992)(for parties who disobey a scheduling order, "Rule 16(f) is the usual vehicle for imposing coercive or punitive sanctions"); Newton, 918 F.2d at 1126 (the imposition of sanctions for failure to comply with settlement directives is consistent with the purpose of Rule 16); Miller v. Unum Life Ins. Co. of America, 2006 U.S. Dist. LEXIS 76079, at *3 (E.D. Pa. October 19, 2006); Pitman v. Brinker Int'l, Inc., 2003 U.S. Dist. LEXIS 26202, at *3 (D. Ariz. September 30, 2003).

When deciding the scope of Rule 16(f), the Third Circuit opined:

> If a party fails to obey a scheduling or pretrial order, or fails to participate in good faith in a scheduling or pretrial conference, a judge "may make such orders with regard thereto as are just" and require the offending party "to pay reasonable expenses incurred because of noncompliance with this rule . . . unless the judge finds that the noncompliance was substantially

7

> justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f). Thus, Rule 16 authorizes courts to require parties to attend conferences for the purpose of discussing settlement and impose sanctions if they fail to participate in good faith.

Newton, 918 F.2d at 1126.  Rule 16 recognizes that a court may use its discretion to fashion an appropriate sanction for each case by providing as follows:

> If a party or party's attorney fails to obey a scheduling or pretrial order, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Fed. R. Civ. P. 16(f).

The case of Pitman v. Brinker Int'l, Inc., 2003 U.S. Dist. LEXIS 11650 (D. Ariz. July 8, 2003), which was decided by my colleague, United States Magistrate Judge Lawrence O. Anderson, is instructive in this matter.  In that case, the court issued a settlement conference order containing language similar to the orders at issue in this case.[3]  Pitman, 2003 U.S. Dist.

---

[3] The language of the order indicated:

> If a Defendant is an insured party, a representative of that party's insurer with full and complete authority to discuss and settle the case **SHALL** physically appear at the aforementioned date and time. An uninsured or self-insured corporate party **SHALL** physically appear at aforesaid Settlement Conference through its authorized representative **with full and complete authority to discuss and settle the case**.

Pitman, 2003 U.S. Dist. LEXIS 26202, at *4. (Emphasis added).

8

LEXIS 11650, at *4. As in this case, the court specifically questioned defendant's representative as to the extent of his settlement authority. Pitman, 2003 U.S. Dist. LEXIS 11650, at *5-6. After determining that the representative had received limited authority from another source within defendant's company, the court vacated the settlement conference, conducted a hearing on its own Order to Show Cause, and concluded that sanctions against defendants were warranted.[4] Id. See also St. Paul Fire & Marine Ins. Co. v. CEI Florida, Inc., 152 F.R.D. 95 (E.D. Mich. 1993)(the imposition of sanctions was warranted when plaintiff and its counsel appeared at a final pretrial conference with limited settlement authority).

In so doing, Judge Anderson concluded that the following findings warranted sanctions under Rule 16(f):

> [Counsel] knew what to expect at a settlement conference, yet he engaged in actions that violated the Court's Settlement Conference Order by: (1) not providing Plaintiff with a settlement offer for a specific dollar amount before the settlement conference; (2) attending the settlement conference despite the high unlikelihood of a settlement and failing to notify the Court thereof; (3) failing to participate in good faith settlement negotiations before the settlement conference; and (4) bringing as Defendant's only representative at the conference a biased corporate employee with extremely

---

[4] We note that although the sanctioned party filed objections to Judge Anderson's order, United States District Judge David G. Campbell affirmed the imposition of sanctions in a subsequent opinion. See Pitman v. Brinker Int'l, Inc., 2003 U.S. Dist. LEXIS 26202, (D. Ariz. September 30, 2003).

>              limited authority to settle the case instead
>              of the Defendant's Director of Litigation.

Pitman, 2003 U.S. Dist. LEXIS 11650, at *11-12.  Of particular import, we find the following persuasive:

>              If a settlement is possible, it is imperative
>              that both plaintiff and defendant arrive at a
>              settlement conference with an open mind and a
>              genuine willingness to meaningfully discuss
>              the strengths and weaknesses of each party's
>              case.  Defendant did not do this and attended
>              the settlement conference in bad faith.
>              Defendant brought a corporate representative
>              to the conference with limited or capped
>              settlement authority who was likely unable to
>              make an objective evaluation of the disputed
>              issues and the true value of the case.
>
>                           .   .   .
>
>              Defendant did not notify the Court beforehand
>              that a settlement conference at this time
>              would be a futile act, thereby wasting the
>              limited time, financial resources and
>              energies of the Court and Plaintiff [at the
>              settlement conference].

Pitman, 2003 U.S. Dist. LEXIS 11650, at *15, 19-20.

In this matter, the Court finds that Defendants acted in bad faith and in violation of this Court's Settlement Conference Scheduling Orders.  The Court adjourned the first settlement conference on May 8, 2007 in order to give Defendants and their counsel a gratuitous opportunity to comply with the settlement directives contained in our initial scheduling order which mandated that all parties bring with them a representative who possessed full authority to settle the case.  Despite this directive, the representative for Defendants who attended the

10

first conference indicated to the Court that she had limited authority to settle the matter.  The settlement conference was rescheduled based upon defense counsel's representations that the appropriate decision maker, in accordance with the Court's directives, was located in Las Vegas, Nevada.  The name of the appropriate decision maker was never provided to the Court.

The second settlement conference was held on July 26, 2007.  Despite the representations from defense counsel and the Court's entry of another Order directing that the appropriate decision maker attend the second conference, the same representative on behalf of Defendants, who was not from Las Vegas, Nevada, appeared and was present at the second conference.  This representative indicated to the Court that she had the same limited authority that she had at the initial conference.  As a result, there was no change with regard to her authority from the first to the second conference.  Because of Defendants' and counsel's failure to comply with this Court's scheduling orders, both of the settlement conferences conducted in this matter were of no value.

At the August 28, 2007 hearing on this Court's Order to Show Cause, defense counsel agreed that the representative who was present at both conferences possessed the same limited authority at each conference.  <u>See</u> Transcript of Rule to Show Cause Hearing, dated August 28, 2007 ("Transcript") at 10.

Defense counsel also agreed that the representative was bound by authority that was given to her by someone else within Defendants' company.  <u>See</u> Transcript at 15.  Defense counsel further agreed that the decision maker was not made available for the Court on the telephone.  <u>See</u> Transcript at 17.  At the conclusion of the hearing, defense counsel concurred that it was within this Court's authority to order certain individuals to appear at settlement conferences and impose sanctions for the failure of those individuals to appear.  <u>See</u> Transcript at 20.

       In an apparent attempt to defend their noncompliance, defense counsel stated at the hearing that he believed he sent correspondence to the Court before the date of the second conference that indicated that he did not know if the appropriate decision maker was from Las Vegas, Nevada.  The Court advised defense counsel that it did not receive a letter to that effect and requested a copy of the correspondence.  In response to the Court, defense counsel stated that he did not have a copy of the correspondence with him.  Of particular import, we note that this alleged correspondence was not provided to the Court at any time after the hearing.

       In line with the cases referred to above, this Court notes the importance of being able to conduct settlement conferences with representatives who possess full authority to consider and settle a case, and has advised counsel that

> The entire point of that procedure, which is
> not novel to this courtroom but is used by
> many judges throughout the country, is so
> that you have an ability to reevaluate and
> reassess your situation.  If there's limited
> authority that can't occur at the settlement
> conference.  These settlement conferences are
> extremely important in terms of case
> management.  This was a referral to me from
> the Honorable James Knoll Gardner and this is
> one of my duties to help manage his case
> load.  And the only way to do that is through
> meaningful settlement negotiations which have
> the parties that can ultimately make the
> decisions.  I've determined in this case . .
> . that that person was not available in my
> chambers . . . on either of those dates.

See Transcript at 18-19.

We conclude that Defendants' and their counsel's noncompliance with this Court's scheduling orders, particularly our May 11, 2007 Order scheduling the second conference, was not substantially justified.  Defendants, knowing that they did not possess any additional authority following the initial conference, should have notified the Court before the second conference of their position.  Defense counsel should have also advised the Court that the appropriate decision maker, as previously described by defense counsel, would not be attending the second conference.  Instead, without contacting the Court, the Defendants sent the same representative with the same limited authority.  By their actions, Defendants wasted the limited time, financial resources and energies of the Court and Plaintiff.

13

In accordance with our August 7, 2007 Order to Show Cause, Plaintiff submitted to this Court a list of all fees and expenses incurred as a result of the in-person settlement conferences.  This statement of fees and expenses was provided to defense counsel and made part of the record at the show cause hearing.  Defense counsel did not object to the statement of fees and expenses, or any other exhibits for that matter.  In fact, with respect to the statement of fees and expenses, defense counsel simply stated that he understood what it purported to be.

Because we adjourned the first settlement conference in an effort to gratuitously allow Defendants and their counsel to come into compliance with the Court's scheduling orders and directives, we will not sanction them for their noncompliance with our initial Order.  However, Defendants noncompliance with this Court's May 11, 2007 scheduling order, as well as the orders that followed, is inexcusable and not substantially justified.  In determining the appropriate sanction, we conclude that Plaintiff's attorney fees (9.5 hours at $375.00 per hour) and expenses ($60.00 for travel and parking) attributable to the second conference are eminently reasonable, given counsel's experience and the distance he had to travel to attend the settlement conference in this matter.

Defense counsel informed the Court that he had advised his clients of the requirements in the Court's scheduling orders.

Nevertheless, he failed to inform the Court that his clients would refuse to comply.  Because it appears to the Court that both Defendants and their counsel are at fault for violating the scheduling orders in this case, we conclude that each of them should pay a portion of the Plaintiff's fees and expenses.

An appropriate Order follows.

### ORDER

**AND NOW**, this 27th day of September, 2007, this matter having come before the Court on its own Order to Show Cause, dated August 7, 2007; after hearing held August 28, 2007; and for the reasons expressed in the foregoing Memorandum,

**IT IS ORDERED** that Defendants' counsel shall pay to Plaintiff a sanction in the amount of $500.00.

**IT IS FURTHER ORDERED** that Defendants shall pay to Plaintiff a sanction in the amount of $3,122.50.  These sanctions represent reimbursement of counsel fees and expenses to the Plaintiff relative to the second settlement conference.

BY THE COURT:

*/s/ Henry S. Perkin*
HENRY S. PERKIN,
United States Magistrate Judge